UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TIMOTHY HUGH QUEEN** | : | **CIVIL ACTION NO. 2:14-1113** |
| **VERSES** | : | **JUDGE TRIMBLE** |
| **SHERIFF TONY MANCUSO** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Timothy Queen filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on June 9, 2014. Petitioner is a pre-trial detainee at Calcasieu Correctional Center (herein "CCC") in Lake Charles, Louisiana. He is awaiting trial in the Fourteenth Judicial District Court, Calcasieu Parish, on charges of armed robbery and possession of firearms.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

*Background*

Petitioner claims he has been constructively denied his constitutional right to counsel due to flaws in the Calcasieu Parish Public Defender system. Doc. 1, p. 8. Specifically, he states that the "Fourteenth Judicial District Court has experienced a consistent rise in criminal filings in recent years without a commensurate increase in funding for indigent defense sufficient to allow the Calcasieu Public Defender's Office (CPDO)" to effectively handle its large caseload. Doc. 1, p. 10.

In support of his contentions, petitioner provides episodic detail concerning the attorneys that have represented him in his pending state criminal case.  First, following his November 19, 2008 arrest, attorney Michael Ned was appointed to represent him.  Doc. 1, pp. 12, 13.  Ned remained his counsel through petitioner's January 15, 2009, indictment and subsequent arraignment.  *Id.*  Following the arraignment petitioner's case was allotted to a different state court division and attorney Edward K. Alexander, the CPDO attorney assigned to that division, was substituted as petitioner's counsel.  *Id.* at 13.  Within one month petitioner wrote to the ACLU complaining about Alexander's representation.  *Id.*  On November 6, 2009, petitioner filed a motion stating that Alexander's caseload prevented him from receiving adequate representation.  *Id.* at 14.  A conflict of interest arose in Alexander's representation of petitioner and in April 2010 Alexander filed a motion to withdraw from the case.  *Id.* at 15.

Petitioner had a brief period of self-representation ending August 25, 2010, when Eugene Bouquet was appointed as petitioner's attorney.  *Id.*  On December 6, 2010, petitioner filed a motion stating that Bouquet's caseload prevented him from receiving adequate representation.  *Id.* at 16.  Bouquet represented petitioner until April 2012, at which time Donald Sauviac was substituted as petitioner's counsel.  *Id.*

Petitioner states that a July, 2012, funding shortfall forced the public defender's office to cut its staff attorneys and to and distribute existing cases among the local bar on a pro bono basis.  *Id.*  As a result, attorney Michael McHale undertook petitioner's representation from August 2012 through October 2013.  *Id.* at 17.  During that time, petitioner filed a motion stating that McHale's caseload prevented him from receiving adequate representation.  *Id.*  Prior to the hearing on the motion, McHale "informed the court he was departing from the CPDO as a contract attorney."  *Id.*

Robert Shelton has represented petitioner since that time.  Doc. 1, p. 18.  Petitioner has once again filed a motion to have Mr. Shelton replaced in his state court proceeding due to Mr. Shelton's caseload and representation.  *Id.*

Petitioner is set for trial in the Fourteenth Judicial District Court on October 6, 2014.  Doc. 1, p. 19.  Petitioner asks this court to stay the state criminal proceedings and to release him from confinement until the state provides him with effective counsel.  Doc. 1, p. 8.

*Law and Analysis*

1. ***Exhaustion of State Court Remedies***

Title 28 U.S.C. § 2241 grants state prisoners who are in custody in violation of the Constitution or laws of the United States the right to seek pre-trial habeas corpus relief in federal courts.  While Section 2241 does not mandate exhaustion of state court remedies prior to seeking habeas corpus relief in the federal courts, jurisprudence has long required that state detainees seeking relief pursuant to § 2241 must first exhaust state court remedies before seeking federal intervention.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S.Ct. 1123 (1973), *Dickerson v. State of Louisiana*, 816 F.2d 220, 224-225 (5th Cir.1987) ("The exhaustion doctrine was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process."  Citations omitted).  In order to satisfy the exhaustion requirement, a state petitioner must have fairly presented the substance of each federal claim to the state courts in a procedurally proper manner.  *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999), *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001).

When a petitioner has raised a claim in a procedural context in which its merits will not be considered, he has not fairly presented the claim to the state courts and, accordingly, has not

satisfied the exhaustion doctrine. *Castille v. Peoples*, 109 S.Ct. 1056, 1060 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, *supra.*; *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998). In Louisiana, the highest court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim, a federal habeas corpus petitioner must have fairly presented the substance of his federal constitutional claims in a procedurally correct manner to the Louisiana Supreme Court.

Based upon the information submitted and petitioner's own admission [doc. 1, p. 19], it is clear that his federal *habeas corpus* claims were not presented to the Louisiana courts in a procedurally correct manner. Thus, his petition is subject to dismissal for lack of exhaustion.

   *2. Abstention*

Even if petitioner's claims had been properly exhausted, dismissal would nonetheless be appropriate.

A federal court should abstain if the issues raised by a state pre-trial detainee in a federal *habeas* petition may be resolved either by a trial on the merits in the state court or some other state court proceedings. *Dickerson*, 816 F.2d at 225 citing *Braden*, 93 S.Ct. at 1126-28. The abstention requirement is imposed to preclude "the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 93 S.Ct. at 1129.

The jurisprudence distinguishes a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a defense to a prosecution prior to trial from one who seeks only to enforce the state's obligation to bring him promptly to

trial. *Dickerson*, 816 F.2d at 226; *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976). In *Brown*, the Fifth Circuit stated:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown*, 530 F.2d at 1283.

In his pleadings, petitioner essentially asks this court to assume jurisdiction over his pending Louisiana state court criminal prosecution. He asks this court to stay the state court proceedings, order his release, and monitor the state's appointment of counsel. Thus, it is clear from petitioner's allegations and prayer for relief that he seeks to "disrupt the orderly functioning of state judicial processes" in an obvious attempt to "derail" and "abort" those processes. As previously noted, such relief is not available by petition for federal *habeas corpus* relief pursuant to § 2241. *See Dickerson*, 816 F.2d at 226, 229; *Braden* and *Brown*, supra.

Moreover, while the *Braden* court recognized that federal *habeas* relief may be available prior to a judgment of conviction if "special circumstances" exist, this is not such case. Nothing thus far submitted suggests that the merits of petitioner's *habeas* claims should be considered in this forum. Petitioner sets forth no special circumstances that would justify federal intervention and disruption of a pending state court criminal matter. *See Braden,* 93 S.Ct. at 1126.

### *Conclusion*

Without demonstrating any special circumstance, and having failed to demonstrate the exhaustion of state court remedies, petitioner requests this court to intervene in a pending Louisiana criminal prosecution. For the above reasons, this court should abstain from granting petitioner's requests. After his state proceedings are concluded, and if petitioner is still

aggrieved, federal *habeas* proceedings can be instituted by petitioner after he has exhausted state court remedies by writ, on direct appeal, or by post-conviction proceedings. *Dickerson*, 816 F.2d at 229.

Therefore,

**IT IS RECOMMENDED THAT** the instant petition for writ of *habeas corpus* be DISMISSED.

**IT IS FURTHER RECOMMENDED THAT** all pending motions be **DENIED** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 10th day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE